REQUESTED BY: Kate Witek
Nebraska Auditor of Public Accounts
Art. VII, § 5 of the Nebraska Constitution provides that, with certain exceptions, all fines, penalties and license money collected in the state must be used for support of the common schools. One exception contained in that constitutional provision pertains to money, property or proceeds of property forfeited or seized pursuant to enforcement of the drug laws in Nebraska. Under art. VII, § 5, those forfeited assets are divided equally between support of the common schools and use for drug enforcement purposes. In contrast to art. VII, § 5, federal law contains forfeiture provisions which allow the federal government to return a higher percentage of forfeited assets to local law enforcement agencies in connection with drug prosecutions under federal law. That disparate treatment of forfeitures resulted in Legislative Resolution No. 201 from the 1999 session of the Nebraska Legislature which authorizes an interim study to review the state and federal forfeiture systems and the use of monies and proceeds generated by forfeitures. There is also legislation currently pending before the Legislature which addresses that situation.
In your opinion request letter, you indicate that the Nebraska State Patrol (the "Patrol") has requested certain information from your office in connection with the interim study authorized by Legislative Resolution No. 201. Specifically, you state that the Patrol is seeking access to reports filed with your office by County Drug Law Enforcement and Education Fund Boards (the "Boards") under Neb. Rev. Stat. § 28-1439.03 (1995). That latter statute authorizes those county Boards to administer funds forfeited from drug enforcement activities, and provides further that, for each fiscal year, each such "board shall make a report summarizing the use of the [forfeiture] fund during such year to the Auditor of Public Accounts, except that such report shall contain no information which would jeopardize an ongoing investigation." You also indicate that the Patrol may seek access to your staff's working papers with respect to such county forfeiture reports.
You have posed several questions to us with respect to access by the Patrol to the reports prepared by the County Drug Law Enforcement and Education Fund Boards and your working papers. We will deal with each of your questions in turn.
 Question No. 1. "Is the Auditor of Public Accounts required to disclose to the Nebraska State Patrol all reports that have been filed pursuant to Neb. Rev. Stat. § 28-1439.03 (1995)?"
At the outset, we are aware of no statutes which give the Patrol special access to the forfeiture reports at issue, and we assume that the Patrol does not seek those records under warrants as a part of a criminal investigation. Therefore, it appears to us that the Patrol's right to review the records grows out of the Nebraska Public Records Statutes, Neb. Rev. Stat. §§ 84-712
through 84-712.09 (1994, Cum. Supp. 1998). In that sense, the Patrol is the same as any other interested party or citizen who wishes to review a public record.
The Nebraska Public Records Statutes generally allow interested persons in Nebraska the right to examine public records in the possession of public agencies during normal agency business hours, and to make memoranda and abstracts therefrom. Public records are defined under those statutes as ". . . all records and documents, regardless of physical form, of or belonging to this state, any county, . . . or any agency, branch, department, board, bureau, commission, subunit, or committee of any of the foregoing." Based upon this definition, it appears to us that the forfeiture reports in question are public records in the possession of your office.
While the Public Records Statutes provide for access to public documents, they are not absolute, and they provide for exceptions to disclosure by express and special provisions. Orrv. Knowles, 215 Neb. 49, 337 N.W.2d 699 (1983). For example, §84-712.05 sets out a number of categories of documents which may be kept confidential from the public at the discretion of the agency involved. We have reviewed the provisions of § 84-712.05, and we do not believe that any of the exceptions to disclosure listed therein apply to the forfeiture reports at issue. In addition, we are unaware of any other statutes which require that those reports be kept confidential, or expressly allow them to be withheld from the public. Consequently, we believe that the Patrol may review the reports at issue, and that you are required to make them available to the Patrol and to other interested persons for review under the Public Records Statutes.
Our conclusion with respect to the availability of the forfeiture reports in question is supported by an another portion of the Public Records Statutes. Section 84-712.01 (3) provides that the Public Records Statutes shall be liberally construed whenever any fiscal record or other record of expenditure involving public funds is involved, in order that citizens of the state may have full access to information on the public finances of government. Since the reports at issue are records of expenditures of public funds, it appears to us that § 84-712.01
(3) would apply to require a liberal construction and application of the Public Records Statutes.
 Question No. 2. "Is the Auditor of Public Accounts permitted to disclose to the Nebraska State Patrol all reports that have been filed pursuant to Neb. Rev. Stat. § 28-1439.03 (1995)?"
Since we concluded in response to your Question No. 1 that you are required to make the reports in question available to the Patrol under the Public Records Statutes, we believe that you are permitted to do so as well, and we are unaware of any statute which would specifically require you to keep those forfeiture reports confidential.
 Question No. 3. "Under the circumstances described above, would the Auditor of Public Accounts be permitted or required to refuse to disclose to the Nebraska State Patrol a report filed pursuant to Neb. Rev. Stat. § 28-1439.03 (1995) when, in the judgment of the Auditor of Public Accounts the report contains information which had the potential of jeopardizing an investigation?"
Your opinion request letter sets out some additional information with respect to your Questions No. 3 and No. 4. You state:
 We believe it is important to note that even though the statute requires the Boards to file a report which excludes any information which would jeopardize an ongoing investigation, on some occasions the filed reports have included information that, in our opinion, had the potential to jeopardize ongoing investigations. For instance, a report filed by a Board which simply contained the name of a Board member would have the potential of jeopardizing an investigation when the Board member is a representative of a law enforcement agency where he or she serves in an undercover investigative capacity.
This concern about jeopardizing an ongoing investigation presumably prompted your third and fourth questions.
The pertinent portion of § 28-1439.03 with respect to the forfeiture reports at issue and information related to ongoing investigations states: "the [county Drug Law Enforcement and Education Fund] board shall make a report summarizing the use of the [forfeiture] fund during such year to the Auditor of Public Accounts, except that such report shall contain no informationwhich would jeopardize an ongoing investigation." (emphasis added). It appears to us that, under the clear language of the statute, the requirement that information which might jeopardize a ongoing investigation be deleted from a Board's forfeiture report is directed to the county Boards themselves rather than to your office. As a result, we do not believe that you are required to refuse to disclose a Board's report to the Patrol when, in your judgment, the report contains information which has the potential of jeopardizing an investigation.
The answer to your question regarding whether you are permitted to refuse to make a report available to the Patrol which contains information which might jeopardize on ongoing investigation turns upon whether there is some statute which expressly allows you to keep the information in question confidential.[1] In that regard, § 84-712.05 (5) allows public bodies to keep the following investigatory information confidential:
 Records developed or received by law enforcement agencies and other public bodies charged with duties of investigation or examination of persons, institutions or businesses, when the records constitute a part of the examination, investigation, intelligence information, citizen complaints or inquiries, informant identification, or strategic or tactical information used in laws enforcement training, . . .
Assuming that you have authority to investigate or examine the books and records of a county Drug Law Enforcement and Education Fund Board in the event that the Board's annual report evidenced a need for such an examination or investigation, we do not believe that the Board's annual report itself is a part of that investigation. Nor do we believe that the Board's report under those circumstances would otherwise fall under the provisions of §84-712.05 (5). Since we are unaware of any other statutes which would expressly allow you to keep portions of those forfeiture reports confidential, it appears to us that you are not permitted to refuse to disclose a Board's report to the Patrol when, in your judgment, the report contains information which has the potential of jeopardizing an investigation.
 Question No. 4. "Under the circumstances described above, would the Auditor of Public Accounts be permitted or required to refuse to disclose to a member of the public a report filed pursuant to Neb. Rev. Stat. § 28-1439.03 (1995) when, in the judgment of the Auditor of Public Accounts the report contains information which had the potential of jeopardizing an investigation?"
As we discussed above, the Patrol's right to access the reports at issue is based upon the Public Records Statutes, and the Patrol's rights in that regard are the same as the rights of interested members of the public. Consequently, our response to your Question No. 4 with respect to a member of the public is the same as our response to your Question No. 3 with respect to the Patrol. We do not believe that you are required or permitted to refuse to disclose a report filed pursuant to Neb. Rev. Stat. §28-1439.03 (1995) when, in your judgment, the report contains information which has the potential of jeopardizing an ongoing investigation.
 Question No. 5. "Is the Auditor of Public Accounts_required to disclose to the Nebraska State Patrol any working papers relating to reports that have been filed pursuant to Neb. Rev. Stat. § 28-1439.03 (1995) ?"
We understand that your Question No. 5 goes to the working papers of your staff related to reports filed pursuant to Neb. Rev. Stat. § 28-1439.03 (1995). Access to the working papers of your staff is governed by the provisions of Neb. Rev. Stat. § 84-311
(Cum. Supp. 1998). That statute provides, as is pertinent:
 (1) All final audit reports issued by the Auditor of Public Accounts shall be maintained permanently as a public record in the office of the Auditor of Public Accounts. Working papers and other audit files maintained by the Auditor of Public Accounts are not public records and are exempt from sections 84-712 to 84-712.05. The information contained in working papers and audit files prepared pursuant to a specific audit is not subject to disclosure except to a county attorney or the Attorney General in connection with an investigation made or action taken in the course of the attorney's official duties. . . . .
 (2) If the Auditor of Public Accounts or any employee of the Auditor of Public Accounts knowingly divulges or makes known in any manner not permitted by law any records, document, or information, the disclosure of which is restricted by law, he or she is subject to the same penalties provided in section 84-712.09.[2]
Based upon the clear language of § 84-311, we do not believe that your working papers related to reports that have been filed pursuant to Neb. Rev. Stat. § 28-1439.03 (1995) are public records. Consequently, you are not required to disclose any of those working papers to the Nebraska State Patrol.
 Question No. 6. "Is the Auditor of Public Accounts permitted to disclose to the Nebraska State Patrol any working papers relating to reports that have been filed pursuant to Neb. Rev. Stat. § 28-1439.03 (1995) ?"
Based upon the clear language of § 84-311 cited above, we also do not believe that you are permitted to disclose any of your working papers prepared pursuant to a specific audit of the reports that have been filed pursuant to Neb. Rev. Stat. §28-1439.03 (1995) to the Nebraska State Patrol. To the extent that you have working papers involving those county reports that are not prepared pursuant to a specific audit, it appears to us that you may disclose those materials to the Patrol if you choose to do so.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
Don Stenberg 
Attorney General 05-88-10.14
[1] As discussed above, we believe that Patrol's right to access the reports in question arises under the Public Records Statutes. Section 84-712 states, in part, that, "Except asotherwise expressly provided by statute, all citizens of this state . . . are fully empowered and authorized to examine [public records] . . ." (emphasis added).
[2] Section 84-712.09 provides, "[a]ny official who shall violate the provisions of sections 84-712, 84-712.01, and84-712.03 to 84-712.08 shall be subject to removal or impeachment and in addition shall be deemed guilty of a Class III misdemeanor."